IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:06-1169 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Vaughnta Markees Jones, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response and the matter is ripe for consideration.

Defendant raises two claims of ineffective assistance of counsel. Defendant maintains that appellate counsel was ineffective in failing to argue procedural error at sentencing, and that trial court counsel were ineffective in failing to call "a favorable witness[ ] to substantiate [Defendant's] standing to challenge a Fourth Amendment violation . . . ." Memo. in Support of Mot. at 10 (ECF No. 173-1).

On November 7, 2006, Defendant was indicted in this District for three counts related to his possession of firearms by a convicted felon. On August 25, 2010,[1] Defendant pleaded guilty pursuant to a written plea agreement to Count 5 of an Indictment, which charged possession of multiple firearms after having been convicted of an offense punishable by imprisonment for a term exceeding one year, and Count 7, possession of a sawed-off shotgun.

A Presentence Report (PSR) was thereafter prepared and the matter was set for sentencing.

---

[1] Defendant was released on bond and later absconded from supervision on March 28, 2007. He was thereafter arrested in the District of Maryland on March 29, 2010.

On December 10, 2010, Defendant appeared with counsel for sentencing. The court ruled on Defendant's objections to the PSR and Defendant was thereafter sentenced to 168 months' imprisonment. Before the judgment order was entered onto the docket, the court determined that a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(3)(B) for possession of a destructive device which was applied was error. On December 16, 2010, Defendant appeared again with counsel for sentencing, and the Government agreed to a two-level reduction to his base offense level based upon the fact that a sawed-off shotgun in this case did not qualify as a "destructive device" because of the firearm's bore.

Defendant was again sentenced to 168 months' imprisonment. The court indicated that although Defendant had originally been sentenced to a bottom guidelines sentence, the court would impose the same sentence on December 16, 2010, despite the fact that Defendant's guideline calculation did not include the enhancement under U.S.S.G. § 2K2.1(b)(3)(B).

Defendant appealed to the Fourth Circuit Court of Appeals. On November 11, 2011, the Court of Appeals affirmed Defendant's conviction and sentence. *See United States v. Jones*, 453 F. App'x 297 (4th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 2115 (U.S. Apr. 30, 2012). On April 30, 2012, the United States Supreme Court denied Defendant's petition for writ of certiorari. On June 25, 2012, the United States Supreme Court denied Defendant's petition for rehearing. *See Jones v. United States*, __ U.S. __, 133 S. Ct. 53 (U.S. Jun 25, 2012).

On June 13, 2013, Defendant placed his motion for relief under 28 U.S.C. § 2255 in the prison mail system. *See* ECF No. 173-4 at 2. Accordingly, it is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988). The motion was received by the Clerk on June 17, 2013. *See* ECF No. 173.

The Government moved for summary judgment on July 3, 2013, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. On August 19,

2013, Defendant responded in opposition.

Defendant's motion is untimely. Under Fourth Circuit precedent, "absent the issuance of a suspension order by the [United States Supreme] Court or a Justice thereof, as contemplated by [Supreme Court] Rule 16, 3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255[(f)] when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001), *cert. denied*, 535 U.S. 943 (2002). Every other circuit to have addressed this issue is in accord. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043 (9th Cir. 2010); *Drury v. United States*, 507 F.3d 1295 (11th Cir. 2007); *In re Smith*, 436 F.3d 9 (1st Cir. 2006) (per curiam); *Campa-Fabela v. United States*, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam); *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002); *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir.1999). See also Clay v. United States, 537 U.S. 522, 539 n.4 (2003) (noting uniformity of the circuits on this issue).

The Government did not raise this affirmative defense. The court may *sua sponte* raise a limitation defense, but must give Defendant an opportunity to respond before the case is dismissed. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). Accordingly, Defendant shall have until **Friday, November 1, 2013**, to address, if he so wishes, why this matter should not be dismissed as untimely.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON McGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 22, 2013