IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 0:06-1169 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Vaughnta Markees Jones, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. The Government filed a response and a motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant filed a response and the matter is ripe for consideration.

Defendant raises two claims of ineffective assistance of counsel. Defendant maintains that appellate counsel was ineffective in failing to argue procedural error at sentencing, and that trial court counsel were ineffective in failing to call "a favorable witness[ ] to substantiate [Defendant's] standing to challenge a Fourth Amendment violation . . . ." Memo. in Support of Mot. at 10 (ECF No. 173-1).

On November 7, 2006, Defendant was indicted in this District for three counts related to his possession of firearms by a convicted felon. On August 25, 2010,[1] Defendant pleaded guilty pursuant to a written plea agreement to Count 5 of an Indictment, which charged possession of multiple firearms after having been convicted of an offense punishable by imprisonment for a term exceeding one year, and Count 7, possession of a sawed-off shotgun.

---

[1]Defendant was released on bond and later absconded from supervision on March 28, 2007. He was thereafter arrested in the District of Maryland on March 29, 2010.

1

A Presentence Report (PSR) was thereafter prepared and the matter was set for sentencing. On December 10, 2010, Defendant appeared with counsel for sentencing. The court ruled on Defendant's objections to the PSR and Defendant was thereafter sentenced to 168 months' imprisonment. Before the judgment order was entered onto the docket, the court determined that a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(3)(B) for possession of a destructive device which was applied was error. On December 16, 2010, Defendant appeared again with counsel for sentencing, and the Government agreed to a two-level reduction to his base offense level based upon the fact that a sawed-off shotgun in this case did not qualify as a "destructive device" because of the firearm's bore.

Defendant was again sentenced to 168 months' imprisonment. The court indicated that although Defendant had originally been sentenced to a bottom guidelines sentence, the court would impose the same sentence on December 16, 2010, despite the fact that Defendant's guideline calculation did not include the enhancement under U.S.S.G. § 2K2.1(b)(3)(B).

Defendant appealed to the Fourth Circuit Court of Appeals. On November 11, 2011, the Court of Appeals affirmed Defendant's conviction and sentence. *See United States v. Jones*, 453 F. App'x 297 (4th Cir. 2011), *cert. denied*, __ U.S. __, 132 S. Ct. 2115 (U.S. Apr. 30, 2012). On April 30, 2012, the United States Supreme Court denied Defendant's petition for writ of certiorari. On June 25, 2012, the United States Supreme Court denied Defendant's petition for rehearing. *See Jones v. United States*, __ U.S. __, 133 S. Ct. 53 (U.S. Jun 25, 2012).

On June 13, 2013, Defendant placed his motion for relief under 28 U.S.C. § 2255 in the prison mail system. *See* ECF No. 173-4 at 2. Accordingly, it is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988). The motion was received by the Clerk on June 17, 2013. *See* ECF No. 173.

The Government moved for summary judgment on July 3, 2013, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. On August 19, 2013, Defendant responded in opposition.

Defendant's motion is untimely. Under Fourth Circuit precedent, "absent the issuance of a suspension order by the [United States Supreme] Court or a Justice thereof, as contemplated by [Supreme Court] Rule 16.3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255[(f)] when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001), *cert. denied*, 535 U.S. 943 (2002). Every other circuit to have addressed this issue is in accord. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043 (9th Cir. 2010); *Drury v. United States*, 507 F.3d 1295 (11th Cir. 2007); *In re Smith*, 436 F.3d 9 (1st Cir. 2006) (per curiam); *Campa-Fabela v. United States*, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam); *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002); *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir.2000); *Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir.1999). See also *Clay v. United States*, 537 U.S. 522, 539 n.4 (2003) (noting uniformity of the circuits on this issue).

The Government did not raise this affirmative defense. The court issued an order noting its intent to dismiss Defendant's motion on this ground and providing Defendant an opportunity to respond.

On November 4, 2013, the court received Defendant's response. ECF No. 186. Defendant argues that he would suffer a due process violation if the court declined to extend equitable tolling to Defendant's motion because the Supreme Court failed to notify him in its denial of his petition for writ of certiorari that this was the date upon which his conviction became final for purposes of

the statute of limitation contained in 28 U.S.C. § 2255(f).

Supreme Court Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari," provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Sup.Ct. R. 16.3 (emphasis added). By its specific language, therefore, Rule 16.3 states that a petition for certiorari review is resolved when the Court denies review, unless the Supreme Court or a Justice intervenes, neither of which occurred at any point in the process in Defendant's case.

The Supreme Court has determined that "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2560 (2010).[2] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant argues in essence that the "extraordinary circumstance" which prevented him from timely filing the motion was that no one informed him that the statute of limitation period

---

[2] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

4

began to run from the date the Supreme Court denied his petition for writ of certiorari and not the date on which his motion for rehearing was denied. Defendant contends that this failure is a due process violation comparable to a failure of a trial court to inform a defendant of his right to direct appeal.

However, even assuming for purposes of this case that Defendant had a right to be notified of the finality of his conviction, he *did* receive notice, as it is clearly present in Supreme Court Rule 16.3. Decisions of the Supreme Court and its Rules provide that a judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The filing of a petition for rehearing simply has no effect on the finality of the judgment of conviction, absent a specific order of the Court or a Justice thereof, and Defendant's mistaken understanding about the deadline for filing is not grounds for equitable tolling.

Accordingly, Defendant's motion for relief under 28 U.S.C. § 2255 is dismissed as untimely, and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 6, 2013

6