IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:06-1169 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Vaughnta Markees Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to Federal Rule of Civil Procedure 60. ECF No. 197. Defendant contends the dismissal of his motion for relief under 28 U.S.C. § 2255 "rested upon procedural error, and was through a deficient process . . . ." Mot. at 1, ECF No. 197.

"[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Defendant maintains that the court erred in "raising a defense not presented by the government and further, by not affording the government the opportunity to express its views on the propriety of raising the defense on which the court relied." Mot. at 4, ECF No. 197.

Defendant filed his motion for relief under § 2255 on June 13, 2013, when he placed his motion for relief under 28 U.S.C. § 2255 in the prison mail system. See ECF No. 173-4 at 2. Accordingly, it was deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988). The motion was received by the Clerk on June 17, 2013. The Supreme Court denied Defendant's application for writ of certiorari on April 30, 2012, and denied Defendant's motion for reconsideration on June 25, 2012. According to Fourth Circuit precedent, "absent the issuance of a suspension order by the [United States Supreme] Court or a Justice thereof, as contemplated by

1

[Supreme Court] Rule 16.3, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for purposes of the one-year period of limitation in § 2255[(f)] when the Supreme Court denies certiorari after a prisoner's direct appeal." *United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001), *cert. denied*, 535 U.S. 943 (2002).[1]

The Government did not raise the affirmative defense of timeliness, nor did it affirmatively waive this defense. As a consequence, the court, pursuant to the direction outlined in *Day v. McDonough*, 547 U.S. 198, 210 (2006), provided the Defendant "fair notice and an opportunity to present their positions" regarding whether Defendant's § 2255 motion should be dismissed as untimely. The court issued an order noting its intent to dismiss Defendant's motion on this ground and providing Defendant an opportunity to respond. Order, ECF No. 184. Defendant responded to the court's order; the Government did not respond to the court's order or to Defendant's responsive material.

As noted in *Wood v. Milyard*, 566 U.S. __, 132 S. Ct. 1826, 1830 (2012), Supreme Court "precedent establishes that a court may consider a statute of limitations or other threshold bar [the Government] failed to raise in answering" a motion for relief under 28 U.S.C. § 2255. In *Wood*, the State had "twice informed" the District Court that it "would not challenge but [was] not conceding the timeliness of Wood's habeas petition." *Id*. at 1829. The Supreme Court reversed the Tenth Circuit's *sua sponte* decision to raise on appeal the timeliness of Wood's habeas petition and

---

[1]Every other circuit to have addressed this issue is in accord. *See United States v. Aguirre-Ganceda*, 592 F.3d 1043 (9th Cir. 2010); *Drury v. United States*, 507 F.3d 1295 (11th Cir. 2007); *In re Smith*, 436 F.3d 9 (1st Cir. 2006) (per curiam); *Campa-Fabela v. United States*, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam); *United States v. Hicks*, 283 F.3d 380, 387 (D.C. Cir. 2002); *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000); *Kapral v. United States*, 166 F.3d 565, 570 (3rd Cir.1999). See also *Clay v. United States*, 537 U.S. 522, 539 n.4 (2003) (noting uniformity of the circuits on this issue).

then dismiss the petition as untimely, after the State had expressly declined to oppose the petition on this ground before the district court. *Id*. at 1834-35. The Supreme Court noted that *"federal appellate courts* have discretion, in exceptional cases, to consider a nonexhaustion argument inadvertently overlooked by the State in the District Court." *Id*. at 1833 (emphasis added and quotation marks omitted).

In the case at bar, the Government did not raise the statute of limitations defense in its responsive motion. In his response to the court's October 22, 2013, order, Defendant argued that he would suffer a due process violation if the court declined to extend equitable tolling to Defendant's motion because the Supreme Court failed to notify him in its denial of his petition for writ of certiorari that this was the date upon which his conviction became final for purposes of the statute of limitation contained in 28 U.S.C. § 2255(f).

Supreme Court Rule 16.3, entitled "Disposition of a Petition for a Writ of Certiorari," provides:

> Whenever the Court denies a petition for a writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. *The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.*

Sup.Ct. R. 16.3 (emphasis added). By its specific language, therefore, Rule 16.3 states that a petition for certiorari review is resolved when the Court denies review, unless the Supreme Court or a Justice intervenes, neither of which occurred at any point in the process in Defendant's case.

The Supreme Court has determined that "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).[2] A movant is entitled to equitable tolling

---

[2]*Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See*, *e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Government) prevented Defendant from filing a petition, or extraordinary circumstances beyond Defendant's control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Defendant argued in essence that the "extraordinary circumstance" which prevented him from timely filing the motion was that no one informed him that the statute of limitation period began to run from the date the Supreme Court denied his petition for writ of certiorari and not the date on which his motion for rehearing was denied. Defendant contended that this failure was a due process violation comparable to a failure of a trial court to inform a defendant of his right to direct appeal.

The court found that even assuming for purposes of this case that Defendant had a right to be notified of the finality of his conviction, he *did* receive notice, as it is clearly present in Supreme Court Rule 16.3. Decisions of the Supreme Court and its Rules provide that a judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The filing of a petition for rehearing simply has no effect on the finality of the judgment of conviction, absent a specific order of the Court or a Justice thereof, and Defendant's mistaken understanding about the deadline for filing was not grounds for equitable tolling. Accordingly, Defendant's motion for relief under 28 U.S.C. § 2255 was dismissed as untimely, the motion was dismissed with prejudice, and the court denied a

certificate of appealability.  Opinion and Order, ECF No. 188.

Defendant filed a timely appeal of the dismissal of his § 2255 motion.  On April 28, 2014, the Fourth Circuit, after "independently review[ing] the record," denied a certificate of appealability and dismissed Defendant's appeal.  *Jones v. United States*, __ F. App'x __, 2014 WL 1664469 (4th Cir., Apr. 28, 2014).

The court did not err procedurally or substantively in its evaluation of the timeliness of Defendant's motion for relief under § 2255.  Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 15, 2014